**Willie Eugene PINKNEY, Ira Simmons and Anthony Irving, individually and as representatives of a class, Plaintiffs,**

v.

**I. R. MELOY as owner, operator or manager of Bill Clark's Barber Shop, Defendant.**

Civ. A. No. 1024.

United States District Court
N. D. Florida,
Tallahassee Division.

May 21, 1965.

944

Tobias Simon, Miami, Fla., for plaintiffs.

Weldon G. Starry, of Starry & Thompson, Tallahassee, Fla., for defendant.

CARSWELL, Chief Judge.

Plaintiffs, members of the negro race, brought this action under Title II of the Civil Rights Act of 1964 (Public Law 88–352) against defendant barber

who has refused them service. The issue before the Court is raised by motion of plaintiffs to strike those portions of the answer which assert that defendant is not subject to the provisions of the Act on grounds of: (1) professional exemption, under the Statute itself, and, (2) nonqualification of defendant to perform the services requested.

Arguments have been heard and briefs have been filed and considered.

With respect to the professional exemption defense the defendant contends first, that he, as a "professional," is exempt from the operation of the Civil Rights Act, and secondly, that, in the absence of statutory exemption, the Civil Rights Act of 1964 is unconstitutional as applied to him because he has a constitutional right to select his customers. The Court concludes that the Civil Rights Act of 1964, as applied to this defendant, is constitutional under the rulings of the Supreme Court of the United States, and, further, that the Civil Rights Act of 1964 does not afford him statutory exemption.

Counsel for the respective parties have stipulated to the essential facts as follows:

The Duval Hotel is located in the City of Tallahassee, County of Leon, State of Florida, is a place of public accommodation as defined by the Civil Rights Act of 1964, to-wit: a hotel and is covered by the Civil Rights Act.

That the defendant, I. R. Meloy, is the lessee of certain space in the basement of the Duval Hotel under a written lease that does not grant a concession to defendant and does not specify or restrict the use to which the defendant can put the leased space, as shown by Exhibit 1 to defendant's answer. That the defendant owns certain barbering equipment located in said leased space, namely: 4 barber chairs. That defendant uses one barber chair to perform his services upon his clients or customers. That each

of the other three barber chairs is leased to a licensed registered barber under a written lease which said sub-lessee uses to perform his personal services on his clients or customers, using his own barber tools, as shown by Exhibit 2 to defendant's answer. That said leases were executed several years before the enactment of the Civil Rights Act. That said sub-leases have been approved by the Bureau of Internal Revenue as to withholding taxes, by the Social Security Administration as to social security taxes, and by the Industrial Commission as to Workman's Compensation and Unemployment Compensation. That each of said sub-lessees are independent, self-employed individuals and have been so recognized by the above named governmental agencies. The defendant has no control over said sub-lessees, cannot tell them when to come to work, when to quit, or on whom to perform their services, and the said leased space is reached either by elevator or stairs from the street level of the hotel to the basement, or by an outside entrance at the basement level. There are signs in the hotel elevators listing the various services located in the hotel, including defendant's.

The defendant is a master barber and has been a barber for more than forty (40) years, has been a registered licensed barber in Tallahassee, Florida, ever since the enactment of the first barber commission law in 1931. He has been a member of the State Barber Board under two governors. He does not solicit interstate travellers or guests of the Duval Hotel as his clients, although he does not refuse to render services to them, and 95% of his clients are local Tallahassee residents. He cannot delegate any of his services to anyone not a licensed registered barber under the laws of Florida.

All of the Florida Statutes and regulations of administrative boards

pertaining to barbering and the services rendered by barbers may be utilized by the court or counsel for any purpose.

That on or about August 5, 1964 the plaintiffs, being members of the negro race, requested the defendant to cut their hair which the defendant refused to do on the ground he was an independent professional individual, to-wit: a registered barber, and thus was not subject to the Civil Rights Act of 1964, and that he had the right to refuse his services to anyone he desired, and further that he was not qualified by training or experience to cut the hair of plaintiffs because their hair was different in texture and growth pattern from that of his regular customers. Plaintiffs were neither interstate travellers nor registered at the Duval Hotel. It is further stipulated that defendant would have refused to render other barbering services to plaintiffs, had they requested them, on the same basis as stated above.

Defendant maintains that barbering is a profession under the laws of the State of Florida; that he is a professional person, to-wit: a registered barber who merely leases space in the Duval Hotel and as such has the right to refuse his personal services to anyone he chooses or the right to select his clients or customers.

Plaintiffs maintain that because defendant leases space in the Duval Hotel, and for this reason only, he is required by the Civil Rights Act of 1964 to perform his personal services as a registered barber upon every person who requests his services, and that defendant's claim of inability to cut plaintiffs' hair is not a legal or sufficient defense and have moved to strike said claim.

Neither the State of Florida, Leon County, or the City of Tallahassee, have any law, statute, or ordinance prohibiting a registered barber from performing his services on any person or establishing or authorizing a state or local authority to grant or seek the relief prayed for in the Complaint.

It is further stipulated and agreed that in order to practice barbering in the State of Florida, it is necessary that a person meet the requirements of Section 476.05, Florida Statutes [F.S.A.], have the course of study required by Section 476.07, Florida Statutes, pass an examination as prescribed by Section 476.06, Florida Statutes, and be licensed as a registered barber as required by Section 476.01, Florida Statutes.

The legislative history of this Act is one of the longest in the annals of our national history, and leaves little doubt that the language of Title II ultimately adopted by the Congress applies to this defendant under the stipulated facts.

Section 201(a) of Title II states the broad policy as follows:

"All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."

The parties have stipulated here that the Duval Hotel is a place of public accommodation as defined by the Civil Rights Act and that it is covered by the Civil Rights Act. (Sec. 201(b) (1) of Title II).

Section 201(b) (4) provides coverage of "any establishment * * * which is physically located within the premises of any establishment otherwise covered by this subsection * * * and * * which holds itself out as serving patrons of such covered establishment. * *"

Prior to the adoption of this section it was noted in U. S. Code Cong. and Ad. News (1964), p. 2358:

"The term 'integral part' is defined * * * as meaning physical-

ly located on the premises of an establishment subject to subsection 3 (a) [substantially similar to 201 of the final bill] * * *. Thus, in all instances, to be an integral part, the establishment would have to be physically located on the premises of an included establishment or located contiguous to such an establishment. A hotel barbershop or beauty parlor would be an integral part of the hotel, even though operated by some independent person or entity."

The ultimate language of Section 201(b) (4) reading "physically located within" is, if anything, more specific than the phrase "integral part." In a discussion of this matter on the floor of the House on January 31, 1964, Representative Celler, Chairman of the House Judiciary Committee, stated:

" * * * barber shops, beauty parlors and other establishments are not covered unless they are contained within a hotel or are intended for the use of the patrons of the hotel, if the hotel is covered." CCH Civil Rights Act of 1964, p. 25.

■ The essential purpose of the Act as reflected by both its language and history was to remove discrimination in places of public accommodation such as the Duval Hotel and with respect to all of the services rendered and operated within its physical confines which hold themselves out as serving patrons of the hotel. Defendant asserts, and it is not disputed, that about 95% of his customers are local residents, leaving the clear inference that a relatively small percentage of his customers are transient guests of the hotel itself. From a reading of the Act it is clear that relative percentages of local as compared to transient customers may not be used as criteria to determine coverage. The location of the barber shop within the physical premises of the hotel, a place

of public accommodation, and its holding itself out to patrons of the hotel being within a place of public accommodation places this defendant under the coverage of the Act.

■ Defendant's claim that the Act was unconstitutional as applied to him has been answered and denied by the Supreme Court of the United States. The same rationale applicable to restaurants, hotels and motels was applied in Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964); and with respect to restaurants in Katzenbach v. McClung, et al., 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed. 2d 290 (1964).

■ Finally, the defense asserted by defendant that he is not qualified to perform the requested services is not responsive to the issues raised by the complaint and may not be made the basis of an affirmative defense. The degree of skill or proficiency in any occupation or profession which is covered by the Act is irrelevant in this litigation. By the rationale of the legislative history leading to the Act, the Act itself, and the rulings of the Supreme Court of the United States with respect to this Act it is equally clear that only those establishments which are found to be places of public accommodation as specifically set forth in the Act, such as the Duval Hotel admittedly is, are subject to its provisions.

■ The Civil Rights Act of 1964 does not purport to cover all barber shops, but it does cover those barber shops which (1) are located within the physical premises of a place of public accommodation such as a hotel or motel and (2) hold themselves out to serve patrons of the hotel or motel. These essential facts are undisputed, and the motion to strike subject portions of defendant's answer is granted by order of this same date.